# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-33V
Filed: August 22, 2013
To be Published

```
*************************************
ELIJAH YANG, by and through his next      *
Friend and Mother, JULIE FANG,            *
                                          *
            Petitioner,                   *
                                          *        Attorneys' Fees and Costs Decision;
   v.                                     *        Reasonable Hourly Rate; Reasonable Hours
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
            Respondent.                   *
                                          *
*************************************
```

Elaine W. Sharp, Marblehead, MA, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.


**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 15, 2010, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that RotaTeq vaccine caused Elijah Yang's Pseudomonas aeruginosa. After the filing of petitioner's expert report and multiple medical records, and respondent's filing of her Rule 4(c) Report, the parties engaged in settlement negotiations which ultimately were successful. On March 29, 2013, the undersigned issued a decision awarding damages based on the parties' stipulation. Judgment entered on April 23, 2013.

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 1, 2013, petitioner filed an application for attorneys' fees and costs ("Fee App.").[2]  On February 12, 2013, respondent filed her response to petitioner's application for attorneys' fees and costs ("Opp'n").  On July 22, 2013, petitioner filed a reply to respondent's response to petitioner's application for attorneys' fees and costs ("Reply").[3]  Petitioner filed a supplemental application for attorneys' fees and costs ("Supp. App.") on July 29, 2013.[4]  On July 31, 2013, respondent filed a response to petitioner's supplemental application for attorneys' fees and costs ("Supp. Opp'n").

In her February 1, 2013 application for attorneys' fees and costs, petitioner requested $73,522.98, comprised of $57,760.38 in attorneys' fees and $15,762.60 in costs.[5]  Petitioner also requested her own unreimbursed costs of $500.00.  Fee App. 1-2.

---

[2]  With her fee application, petitioner filed fourteen exhibits in support of her request.  See Fee App., Ex. 1 (petitioner's counsel's billing invoices); Fee App., Ex. 2 (counsel's affidavit); Fee App., Ex. 3 (counsel's CV); Fee App., Ex. 4 (affidavit of Kevin Conway); Fee App., Ex. 5 (counsel's costs); Fee App., Ex. 6 (petitioner's statement pursuant to General Order #9 and a copy of a $500.00 check); Fee App., Ex. 7 (Dr. Leonard Worden's invoice); Fee App., Ex. 8 (Dr. Leonard Worden's CV); Fee App., Ex. 9 (James McCallion's invoice); Fee App., Ex. 10 (James McCallion's CV); Fee App., Ex. 11 (Patrick Ballard's invoice); Fee App., Ex. 12 (Patrick Ballard's CV); Fee App., Ex. 13 (Roberta Hurley's invoice); Fee App., Ex. 14 (Roberta Hurley's CV); Fee App., Ex. 15 (Ellen Econs's CV).

[3]  With her Reply, petitioner filed four additional exhibits in support of her fee request.  See Reply, Ex. 1 (a letter to petitioner's counsel notifying her that she was promoted to the status of member in the Jurisprudence Section of the American Academy of Forensic Sciences); Reply, Ex. 2 (a book chapter authored by petitioner's counsel); Reply, Ex. 3 (a newspaper article referring to petitioner's counsel as an expert in shaken baby cases); Reply, Ex. 4 (petitioner's affidavit regarding petitioner's counsel).

[4]  With her supplemental fee application, petitioner filed seventeen exhibits in support of her request.  See Fee App., Ex. 37 (petitioner's counsel's billing invoices); Fee App., Ex. 38 (counsel's affidavit); Fee App., Ex. 39 (counsel's CV); Fee App., Ex. 40 (affidavit of Kevin Conway); Fee App., Ex. 41 (counsel's costs); Fee App., Ex. 42 (petitioner's amended statement pursuant to General Order #9); Fee App., Ex. 42-1 (petitioner's check for Dr. Ray's report); Fee App., Ex. 42-2 (petitioner's check to Hershel D. Wilson); Fee App., Ex. 42-3 (petitioner's check for court fees); Fee App., Ex. 43 (Shawn Patterson's invoice); Fee App., Ex. 44 (Dr. Leonard Worden's invoice); Fee App., Ex. 45 (Dr. Leonard Worden's CV); Fee App., Ex. 46 (James McCallion's invoice); Fee App., Ex. 47 (James McCallion's CV); Fee App., Ex. 48 (Patrick Ballard's invoice); Fee App., Ex. 49 (Patrick Ballard's CV); Fee App., Ex. 50 (Roberta Hurley's invoice); Fee App., Ex. 51 (Roberta Hurley's CV); Fee App., Ex. 52 (Ellen Econs's CV).

[5]  Petitioner's application for attorneys' fees and costs contains two mistakes.  First, petitioner incorrectly writes that Exhibit 5 reflects that petitioner's counsel incurred $655.87 in out-of-pocket costs.  Fee App. 1.  In fact, Exhibit 5 shows that petitioner's counsel requests reimbursement for $644.87 in out-of-pocket costs.  Fee App., Ex. 5.  Petitioner requests $644.87 for out-of-pocket costs by counsel on the second page of the application for attorneys' fees and costs.  Fee App. 2.  Second, petitioner incorrectly requests $7,800.00 for attorney James McCallion on bottom of the second page of the application for attorneys' fees and costs.  Id.  Mr. McCallion's invoice is for $3,500.00.  Fee App., Ex. 9.  Petitioner requests the proper amount for Mr. McCallion on the top of the second page of the application for attorneys' fees and costs.  Fee. App. 2.

In petitioner's July 29, 2013 supplemental application for attorneys' fees and costs, petitioner amends her original request and requests $63,945.38 in attorneys' fees for petitioner's counsel, $19,448.60 in attorneys' costs,[6] and $2,200.00 in petitioner's costs.[7]  Supp. App. 1-2. Petitioner requests a total of $85,593.98 for fees and costs.

Petitioner filed a Chart of Attorney and Paralegal Fees per Year ("Chart") on August 13, 2013.[8]  Petitioner's Chart provides the fee amounts and numbers of hours petitioner's counsel and petitioner's counsel's paralegal billed in total and per year.  Chart 1.  Petitioner's counsel billed a total of 125.75 hours and petitioner's counsel's paralegal billed a total of 81 hours.

## I.  Awarding Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa–15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience

---

[6] Petitioner's supplemental application for attorneys' fees and costs contains two errors.  First, petitioner incorrectly writes that Exhibit 41 reflects that petitioner's counsel incurred $655.87 in out-of-pocket costs. Supp. App. 1.  Exhibit 41 shows that petitioner's counsel requests reimbursement for $644.87 in out-of-pocket costs.  Fee App., Ex. 41.  Petitioner requests $644.87 for out-of-pocket costs by counsel on the second page of the supplemental application for attorneys' fees and costs.  Supp. App. 2.  The $644.87 request for counsel's out-of-pocket costs is a component of petitioner's request for $19,448.60 in attorneys' costs.  Second, petitioner requests $5,902.73 for work done by life care planner Roberta Hurley on the top of the second page of the supplemental application for attorneys' fees and costs.  Id.  However, petitioner does not request any relief on behalf of Ms. Hurley on the bottom of the second page of the supplemental application for attorneys' fees and costs.  See id.  The $5,902.73 request for Ms. Hurley's work is a component of petitioner's request for $19,448.60 in attorneys' costs.

[7] Petitioner lists many expenses individually.  The undersigned combines them into three categories for the sake of clarity.

[8] Petitioner's Chart contained multiple errors.  Petitioner's counsel incorrectly added the total amount requested for petitioner's paralegal.  The amounts billed by the paralegal in the Chart come to $9,411.63, not the $9,605.38 requested by petitioner.  In addition, in 2012, petitioner's paralegal billed eighteen hours at an hourly rate of $125.00.  According to the Chart, petitioner's paralegal billed $2,227.88 rather than $2,250.00 (18x125.00).  The paralegal's total without petitioner's counsel's 2012 multiplication error and inadvertent 2013 billing mistake is $9,446.25.  Petitioner's counsel also billed $11,777.50 for 27.5 hours of work at her 2011 requested hourly rate of $430.00.  $11,825.00 is the appropriate bill for 27.5 hours of work at the hourly rate of $430.00.  In 2012, petitioner's counsel billed a total of $20,837.50 for 43.5 hours of work at $450.00 per hour and 2.5 hours of work at $415.00 per hour.  Petitioner's counsel's 2012 bill should have been for $20,612.50, which makes $54,360.00 the total billed by petitioner's counsel for 125.75 hours of work.

3

in reviewing fee applications.").

## II. Analysis

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine "reasonable attorneys' fees" and costs under the Vaccine Act. Avera v. Sec'y of HHS, 515 F.3d 1343, 1347 (Fed. Cir. 2008). The lodestar approach involves a two-step process. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

### 1. Ms. Sharp's Hourly Rate

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citation and quotation omitted). In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the District of Columbia rate, in determining an award of attorneys' fees. Id. at 1349. At the same time, the court adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets. Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)). In cases where the bulk of the work is completed outside the District of Columbia and there is a "*very significant* difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. Id. (finding the market rate in Cheyenne, Wyoming to be very significantly lower than the market rate in Washington, DC).

Petitioner submits that her counsel should be compensated at hourly rates of $370.00 in 2008, $390.00 in 2009, $410.00 in 2010, $430.00 in 2011, and $450.00 in 2012 and 2013. Fee App., Ex. 37. Respondent objects to petitioner's counsel's hourly rates as excessive. Opp'n 5; Supp. Opp'n 2-3.

Petitioner's counsel requests local market rates for the Boston, Massachusetts area. Fee App., Ex. 2, at 2. Respondent contends that attorneys' fees should be calculated using the forum rate for the District of Columbia rather than the geographic area where petitioner's counsel's practice is located. Opp'n 4. Respondent also argues that petitioner's counsel has not provided sufficient evidence to substantiate her requested hourly rates for the Boston market. Id. Under the Federal Circuit's holding in Avera, petitioner's counsel receives the forum rate rather than the local geographic rate. Avera, 515 F.3d at 1348-49. The forum is the District of Columbia. The forum rate applies whenever the counsel's geographic hourly rate is not very significantly below the forum hourly rate. See id. at 1349 (citing Davis County, 169 F.3d at 758). The hourly rate for attorneys working in the Boston, Massachusetts area is not very significantly below the forum rate. The undersigned previously found that Ms. Sharp was entitled to fees at the District of

4

Columbia forum rate. See Estate of Oswalt v. Sec'y of HHS, No. 03-2153V, 2011 WL 2149932, at *3-4 (Fed. Cl. Spec. Mstr. May 2, 2011). As such, the forum rate applies in this case.

In Rodriguez v. Secretary of Health and Human Services, 632 F.3d 1381, 1383 (Fed. Cir. 2011), the Federal Circuit affirmed the special master's awarding petitioners' counsel an hourly rate of $335.00 for attorneys' fees in 2009. In Oswalt, the undersigned awarded petitioner's counsel in the above-captioned case $350.00 per hour for work done in 2008 and 2009. Oswalt, 2011 WL 2149932, at *8, *12. The rate used in Oswalt is the reasonable District of Columbia forum rate in the instant case for petitioner's counsel in 2008 and 2009. Petitioner's counsel requested $340.00 per hour for work completed in 2007 in Oswalt. Id. at *7. The undersigned found petitioner's counsel's $10.00 per hour increase from $340.00 per hour in 2007 to $350.00 per hour in 2008 and 2009 to be reasonable. Similarly, petitioner's counsel is entitled to rate increases over time in the above-captioned case. Following Rodriguez and Oswalt, petitioner's counsel's hourly rates are reduced to $350.00 for work completed in 2008 and 2009, $360.00 for work completed in 2010 and 2011, and $370.00 for work completed in 2012 and 2013. Petitioner's counsel's fee request for 125.75 hours is **reduced** to $45,840.00.[9]

Petitioner's counsel's paralegal's hourly rates, which range from $95.00 per hour in 2008 to $125.00 per hour in 2012 and 2013, are reasonable. Respondent does not object to the initial $95.00 hourly rate but does object to the rate increases. Opp'n 10. The undersigned previously found a forum paralegal rate of $125.00 per hour reasonable in Brown v. Secretary of Health and Human Services. Brown, No. 09-426V, 2012 WL 952268, at *3 (Fed. Cl. Spec. Mstr. Feb. 29, 2012); see also Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 723 (2011) (affirming, inter alia, an award of $340.00 per hour to another petitioner's counsel and $125.00 per hour to counsel's paralegal). The undersigned finds petitioner's counsel's paralegal's hourly rates reasonable. Petitioner's counsel's paralegal's fee request for 81 hours is $9,446.25.

After reducing petitioner's counsel's hourly rates to reasonable forum rates, petitioner's counsel's fee request is $55,286.25, which consists of $45,840.00 for 125.75 hours of petitioner's counsel's fees and $9,446.25 for 81 hours of counsel's paralegal's fees. The undersigned now addresses the reasonableness of the amount of hours petitioner's counsel and paralegal billed. Any further reduction shall be reflected in the discussion of the number of hours.

**2. Reasonable Hours Expended**

The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation." Avera, 515 F.3d at 1347-48 (quotation and citation omitted). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008). Counsel must not include in their fee requests hours that are "excessive, redundant, or

_____

[9] The undersigned multiplied the number of hours petitioner's counsel billed in a given year, based on petitioner's counsel's Table, by the appropriate hourly rates and added those totals to get $45,840.00.

5

otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce hours sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).

Respondent objects to petitioner's counsel's practice of billing in fifteen-minute increments, the number of hours petitioner's counsel billed, and some particular invoice entries. After reviewing petitioner's counsel's billing entries, the undersigned finds that the hours petitioner's counsel billed in some instances are excessive and unreasonable. The undersigned will address respondent's objections sequentially.

### a. Billing in Fifteen-Minute Increments

Respondent objects to petitioner's counsel's practice of billing in fifteen-minute increments. Opp'n 10. Respondent claims that petitioner's counsel billed for fifteen minutes when "many of the tasks billed in that increment took far less time to complete." Id. "Special Masters have traditionally been critical of billing in large increments, including 15-minute blocks." Carcamo v. Sec'y of HHS, No. 07-483V, 2011 WL 2413345, at *6 (Fed. Cl. Spec. Mstr. May 20, 2011); see also Isom v. Sec'y of HHS, No. 94-770V, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001); Winters v. Sec'y of HHS, No. 91-4V, 1993 WL 114646, at *1 (Fed. Cl. Spec. Mstr. Apr. 1, 1993). The undersigned finds that billing in fifteen-minute increments is unreasonable "when it is customary to bill in .1 hour (six-minute) intervals, not only in the Vaccine Program, but in private practice in general." Carcamo, 2011 WL 2413345, at *6. The undersigned will address respondent's objections to specific billing entries.

### b. Billing for Time Spent Correcting Errors

Respondent objects to petitioner's counsel and paralegal billing for time spent correcting filing mistakes when the initial time spent on the tasks was also billed. Opp'n 12-13. Respondent lists several instances where petitioner's counsel made a mistake and then billed for the time spent remedying the error. Id. Petitioner's counsel and paralegal billed fifteen minutes each on June 22, 2010 to correct petitioner's incorrectly numbered exhibits. On June 23, 2010, petitioner's counsel billed one hour to "review the exhibits" and speak with the undersigned's law clerk regarding the proper re-numbering of the exhibits. Fee App., Ex. 37, at 12-13. On August 23, 2010, petitioner's counsel's paralegal billed two hours to fix incorrectly filed exhibits and an additional thirty minutes to save all of the correctly refiled exhibits in the client's folder. Petitioner's counsel billed thirty minutes to file the corrected exhibits. Id. at 15. On August 25, 2010, petitioner's counsel's paralegal billed fifteen minutes to email the undersigned's law clerk to ask if the refiled exhibits were properly numbered. Id. at 16. Counsel also billed fifteen minutes on May 20, 2011 to refile exhibits after forgetting to attach them. Petitioner's counsel's paralegal then billed fifteen minutes to download the corrected filings and place hard copies in the client's file. Id. at 32. Finally, on July 21, 2012, petitioner's counsel billed fifteen minutes to file an

6

attachment that was not included, due to a mistake, in an earlier status report.   Id. at 58.
Petitioner's counsel's requests for attorneys' fees for work that was created by counsel's mistakes
are unreasonable.   As such, the undersigned **reduces** petitioner's fee award by **$1,172.50**.[10]

### c.  Additional Billing Entries

Respondent objects to several of petitioner's counsel's individual billing entries.   The
undersigned addresses each of respondent's objections that were not corrected by petitioner's
supplemental application for attorneys' fees and costs.

Respondent objects to petitioner's counsel billing fifteen minutes on January 16, 2010,
April 12, 2010, April 13, 2010, September 8, 2010, November 1, 2011, November 21, 2012, and
December 7, 2012 to review an order, and petitioner's counsel's paralegal billing an additional
fifteen minutes to scan and save the order, print it out, and file the order as a hard copy.   Opp'n 11.
Petitioner responds that counsel reviews all of the orders filed in a case and her paralegal saves all
orders to the server and keeps a hard copy in the file "for the protection of the client."   Reply 8.
The January 16, 2010 Notice of Assignment and April 12, 2010 Initial Status Conference Order are
both shorter than two pages and are largely boilerplate.   The orders dated April 13, 2010,
September 8, 2010, November 1, 2011, November 21, 2012, and December 7, 2012 are all routine
scheduling orders that are shorter than one page.   Petitioner's counsel, as an experienced Vaccine
Program attorney, should not need fifteen minutes to review these orders.   Based on the
undersigned's experience, the undersigned finds that it is reasonable for petitioner's counsel to bill
six minutes (0.1 hour) to review routine orders.   Respondent also objects to a paralegal billing
fifteen minutes to save and file the orders in electronic and physical files.   Respondent argues that
these tasks are secretarial in nature and are unreimbursable overhead costs.   Opp'n 11.   The
undersigned finds that saving and filing orders is secretarial in nature and not compensable.   See
Lawrence v. Sec'y of HHS, No. 09-435V, 2013 WL 3146775, at *3 (Fed. Cl. Spec. Mstr. May 28,
2013) (finding secretarial tasks performed by a paralegal are not compensable); Vickery v. Sec'y
of HHS, No. 90-997V, 1992 WL 281073, at *1 (Fed. Cl. Spec. Mstr. Sept. 14, 1992) (finding that
filing records in a drawer is not a compensable paralegal task).   As such, the undersigned **reduces**
petitioner's fee award by $**583.50**.[11]

Respondent objects to petitioner's counsel billing fifteen minutes on June 3, 2010, June 22,
2010, August 31, 2010, September 13, 2010, February 23, 2011, May 26, 2011, June 8, 2011, July
20, 2011, September 12, 2011, December 2, 2011, February 29, 2012, April 13, 2012, May 11,
2012, July 19, 2012, September 10, 2012, and November 6, 2012 to review an order, and
petitioner's counsel's paralegal billing an additional thirty minutes to scan and save the order, print

---

[10]  All fee reductions use the adjusted rates between $350.00 per hour and $370.00 per hour for petitioner's
counsel and between $95.00 per hour and $125.00 per hour for petitioner's counsel's paralegal.

[11]  Petitioner's fee award is reduced by $381.00 for time billed by petitioner's counsel and $202.50 for time
billed by counsel's paralegal.

7

it out, file the order as a hard copy, and, in some instances, put deadlines on the calendar.[12]   Opp'n 12.   Petitioner responds by reiterating the importance of reviewing orders and ensuring proper scheduling.   Petitioner's counsel also stresses that maintaining hard copies and electronic copies of files protects the client.   See, e.g., Reply 10.   The orders dated June 3, 2010, June 22, 2010, August 31, 2010, February 23, 2011, May 26, 2011, June 8, 2011, July 20, 2011, September 12, 2011, December 2, 2011, February 29, 2012, April 13, 2012, May 11, 2012, July 19, 2012, September 10, 2012, and November 6, 2012 are all routine scheduling orders that are shorter than one page.   The September 13, 2010 240-Day Notice is a common Vaccine Program filing that is largely boilerplate.   Based on the undersigned's experience, the undersigned finds that it is reasonable for an experienced Vaccine Program attorney like petitioner's counsel to bill six minutes (0.1 hour) to review routine orders.   Respondent also objects to a paralegal billing thirty minutes to save the orders, file them in both electronic and physical files, and set any electronic reminders.   Respondent argues that these tasks are secretarial in nature and are unreimbursable overhead costs.   Opp'n 11.   The undersigned finds that saving and filing orders and setting electronic reminders are secretarial tasks that are not compensable.   See Lawrence, 2013 WL 3146775, at *3 (finding secretarial tasks performed by a paralegal are not compensable); Vickery, 1992 WL 281073, at *1 (finding that filing records in a drawer is not a compensable paralegal task).   As such, the undersigned **reduces** petitioner's fee award by **$1,798.00**.[13]

Respondent objects to the thirty minutes a paralegal billed on March 22, 2010 to scan and save an order, print out and file a hard copy, and put a status conference on the calendar.   Opp'n 11.   Petitioner responds that petitioner's counsel oversaw the paralegal and reviewed this order.   Reply 9.   Petitioner's counsel also billed for her time reviewing the order as part of a separate billing entry.   See Fee App., Ex. 37, at 6.   The undersigned finds it is unreasonable to bill thirty minutes for a paralegal to scan and save an article, print it out, file a hard copy, and calendar a status conference.   The undersigned finds that saving and filing orders and placing an event on the calendar are secretarial tasks that are not compensable.   See Lawrence, 2013 WL 3146775, at *3 (finding secretarial tasks performed by a paralegal are not compensable); Vickery, 1992 WL 281073, at *1 (finding that filing records in a drawer is not a compensable paralegal task). Accordingly, petitioner's fee award is **reduced** by **$55.00**.

Respondent objects to the fifteen minutes petitioner's counsel billed to reschedule a status conference on August 16, 2010.   Opp'n 12.   Petitioner responds that coordinating the next status conference required several emails and also included client communication.   Reply 11.   The undersigned finds that it is reasonable for petitioner's counsel to bill fifteen minutes to complete this task and communicate with petitioner.

---

[12]  On June 8, 2011, petitioner's counsel's invoice description indicates she intended to bill 0.5 paralegal hours but actually billed only 0.25 paralegal hours.   Fee App. Ex. 37, at 35.

[13]  Petitioner's fee award is reduced by $873.00 for time billed by petitioner's counsel and $925.00 for time billed by counsel's paralegal.

Respondent objects to the fifteen minutes a paralegal billed on August 25, 2010 to email Mr. Ballard and ask how he would prefer to receive updated medical records. Opp'n 12. Petitioner's counsel responds that she had a phone conversation with Mr. Ballard as well, though it was not originally logged as it should have been. Reply 11-12. The undersigned finds that this billing entry is reasonable given the emailing task and petitioner's counsel's statement that a phone call with Mr. Ballard also took place.

Respondent objects to the fifteen minutes petitioner's counsel billed on September 4, 2010 to read an email from petitioner. Opp'n 12. Petitioner responds that petitioner's counsel read an email from petitioner and also sent a confidential reply email. Reply 12. The undersigned finds that it is reasonable for petitioner's counsel to bill fifteen minutes to communicate with petitioner via email.

Respondent objects to the fifteen minutes petitioner's counsel billed on November 15, 2011 to leave a voicemail for attorney Kevin Conway. Opp'n 12. Petitioner responds that petitioner's counsel conducted online research regarding life care planners and contacted petitioner just prior to reaching out to Mr. Conway. Reply 12. The undersigned finds that fifteen minutes to do nothing but leave a voice message is not reasonable; however, because petitioner's counsel also conducted research and contacted petitioner during the same billing period, see Fee App., Ex. 37, at 43, the undersigned finds that petitioner's counsel's fifteen minute billing entry is reasonable.

Respondent objects to the fifteen minutes a paralegal billed on December 7, 2012 to update the calendar after a status conference was rescheduled. Opp'n 12. Petitioner responds that petitioner's counsel oversaw the paralegal's rescheduling of the status conference and communicated with petitioner regarding the scheduling change. Reply 12. The undersigned finds that it is reasonable for a paralegal to bill fifteen minutes to contact petitioner and update the calendar.

Respondent objects to the fifteen minutes petitioner's counsel billed on December 13, 2012 to review the 15-Week Stipulation Order and to the thirty minutes a paralegal billed to review the same order, print it out, and save the deadline to the calendar. Opp'n 12. Petitioner responds that there were actually three important deadlines in the 15-Week Stipulation Order to coordinate. Reply 12. The undersigned finds that it is reasonable for petitioner's counsel to bill fifteen minutes to review the 15-Week Stipulation Order. However, it is not reasonable for the paralegal to bill thirty minutes to review the order, print the order, and save three deadlines to the calendar. Petitioner's counsel reviewed the order, so there was no reason for the paralegal to bill to review it. The paralegal's other tasks are secretarial tasks that are not compensable. See Lawrence, 2013 WL 3146775, at *3 (finding secretarial tasks performed by a paralegal are not compensable); Vickery, 1992 WL 281073, at *1 (finding that filing records in a drawer is not a compensable paralegal task). Accordingly, petitioner's fee award is **reduced** by **$62.50**.

Respondent objects to the thirty minutes petitioner's counsel billed on September 21, 2010 to draft a notice of intent to remain in the Vaccine Program. Opp'n 13. Petitioner responds that

petitioner's counsel prepared the notice, filed it, and communicated with the client regarding the notice. Reply 12. Petitioner's notice of intent to remain in the Vaccine Program contains one substantive sentence. In addition, the document is almost entirely boilerplate for all Vaccine Act cases. The undersigned finds that it is unreasonable for petitioner's counsel to bill thirty minutes to draft and file a notice of intent to remain in the Vaccine Program and communicate with petitioner. Fifteen minutes is a reasonable amount of time to complete these tasks. Accordingly, petitioner's fee award is **reduced** by **$90.00**.

Respondent objects to the 1.25 hours petitioner's counsel billed on April 27, 2011 to read respondent's Rule 4(c) Report. Opp'n 13. Petitioner responds that petitioner's counsel read the report twice and took notes on whether or not petitioner needed an expert report. Reply 13. Respondent's Rule 4(c) Report is only nine pages long and was filed before petitioner filed an expert report. Resp't's Rule 4(c) Report. The undersigned finds that it is unreasonable for petitioner's counsel to bill 1.25 hours to read and take notes on respondent's Rule 4(c) Report. Based on the undersigned's experience, forty-five minutes is a reasonable amount of time to read and take notes on such a report. Accordingly, petitioner's fee award is **reduced** by **$180.00**.

Respondent objects to the thirty minutes a paralegal billed on April 27, 2011 to download respondent's Rule 4(c) Report, place a hard copy in the file, and email a copy to petitioner's expert. Opp'n 13. Petitioner responds that the paralegal also sent a cover email explaining the issues that petitioner needed the expert to address. Petitioner contends that these tasks took longer than thirty minutes. Reply 13. Although filing respondent's Rule 4(c) Report is secretarial, the undersigned finds that it is reasonable for petitioner's counsel's paralegal to bill thirty minutes to download respondent's Rule 4(c) Report and email a copy to petitioner's expert along with a substantive cover email.

Respondent objects to the fifteen minutes petitioner's counsel billed on May 24, 2011 to send an email about faxing medical records. Opp'n 13. Petitioner responds that petitioner's counsel wrote an email to a physician that required counsel to make references to case file materials. Reply 13. The undersigned finds that it is reasonable for petitioner's counsel to bill fifteen minutes to send an email that required counsel to reference particular sections of the case file.

Respondent objects to the fifteen minutes petitioner's counsel billed on February 15, 2012 to email a medical report to two individuals. Opp'n 13. Petitioner responds that petitioner's counsel billed this task at a paralegal's rate. Petitioner's counsel drafted an email, attached the medical report, and sent the email to two individuals. Reply 13. The undersigned finds that it is reasonable for petitioner's counsel to bill fifteen minutes at a paralegal's rate to send two emails that included a medical report as an attachment.

Respondent objects to the five hours a paralegal billed on July 25, 2012 to conduct research and write summaries of two Vaccine Act cases. Opp'n 13. Petitioner responds that the paralegal researched cases that involved scarring and damages for pain and suffering. Reply 13. The paralegal's two case summaries were detailed and relevant to the above-captioned case. Id. The

undersigned finds that it is reasonable for petitioner's counsel's paralegal to bill five hours to conduct legal research and write detailed summaries of relevant cases.

Respondent objects to petitioner billing an additional 15.25 hours for work preparing the application for attorneys' fees and costs. Opp'n 13. Petitioner's counsel responds that "15.25 hours to prepare the invoices for Attorney's fees and costs may seem excessive but we kept track of time while preparing them." Reply 13. The undersigned finds that 15.25 hours to prepare a fee application in this case, which did not go to hearing, is excessive. Based on the undersigned's experience, ten hours is a reasonable amount of time for petitioner's counsel to spend collecting invoices and preparing petitioner's application for attorneys' fees and costs. Accordingly, petitioner's fee award is **reduced** by **$1,942.50**.

### d. Fees for Fees

Respondent objects to petitioner's counsel billing an additional eight hours for work on petitioner's reply to respondent's response to petitioner's application for attorneys' fees and costs. Respondent argues that counsel should not be awarded "fees for fees." Supp. Opp'n 3. The undersigned previously found that twenty-four hours was a reasonable amount of time for a petitioner's counsel to respond to respondent's multiple objections to fees and costs in a complex Vaccine Program case. See Brown v. Sec'y of HHS, No. 09-426V, 2013 WL 1790212, at *4 (Fed. Cl. Spec. Mstr. Apr. 8, 2013). In Brown, respondent objected to petitioner's counsel's and petitioner's expert's hourly rates and numbers of hours billed in addition to objecting to individual billing entries. See Brown, 2012 WL 952268. Petitioner's reply to respondent's response to petitioner's application for interim attorneys' fees and costs in Brown was twenty-eight pages. In the above-captioned case, petitioner's Reply is nineteen pages and is almost entirely devoted to responses regarding petitioner's counsel's own invoices. See Reply. The additional complexity of Brown merited a higher number of hours than is appropriate in the instant case. Given respondent's objections to petitioner's application for fees and costs in the above-captioned case, the undersigned finds, based on her experience, that eight hours is a reasonable amount of time for petitioner's counsel to reply to respondent's objections to attorneys' fees and costs.

## B. Reasonable Costs

Both attorneys' fees and costs must be reasonable. See Perreira, 27 Fed. Cl. at 34 ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Using reasonableness as the standard, the undersigned will address respondent's objections to costs incurred by petitioner and petitioner's counsel.

### 1. Costs for Additional Attorneys

Respondent objects to the hourly rate of attorneys Patrick Ballard and James McCallion. Opp'n 9. Mr. Ballard, who practices law in Birmingham, Alabama, seeks $300.00 per hour for work he completed in 2009 and 2010. Fee App., Ex. 48. Mr. Ballard was responsible for

drafting and editing the petition. Id. Respondent argues that Mr. Ballard did not offer any support for his proposed hourly rate. Opp'n 9. Petitioner responds that Mr. Ballard's rates are supported by his invoice and CV. Reply 18. Mr. Ballard graduated from law school in 1996 and has been a solo practitioner since 2000. Fee App., Ex. 49. He previously worked with petitioner's counsel in Oswalt. The undersigned awarded Mr. Ballard $200.00 per hour for work he completed in 2008 in Oswalt. Oswalt, 2011 WL 2149932, at *12. The undersigned found that the Davis Country exception applied to Mr. Ballard because the Birmingham, Alabama hourly rate of $180.00-$200.00 was very significantly lower than the Washington, DC forum rate. Id. Respondent asserts that Mr. Ballard should not receive a $100.00 per hour increase over his Oswalt rates in the above-captioned case for work done in 2009 and 2010. Opp'n 9. The undersigned finds that petitioner's request for $300.00 per hour for Mr. Ballard's work is unreasonable. Using the $200.00 per hour rate that the undersigned awarded Mr. Ballard in Oswalt for work done in 2008 as the starting point, the undersigned reduces Mr. Ballard's hourly rate for 2009 and 2010 to $210.00 per hour. Mr. Ballard billed for 10.55 hours of work. Fee App., Ex. 48. The undersigned awards petitioner **$2,215.50** in attorneys' fees for Mr. Ballard.

Mr. McCallion, who practices law in Ontario, California, seeks $400.00 per hour for work he completed in 2007 and 2008. Fee App., Ex. 46. Mr. McCallion had an initial consultation with petitioner and referred her to Ms. Sharp. Id. Respondent argues that Mr. McCallion does not offer any support for his proposed hourly rate. Opp'n 9. Petitioner responds that Mr. McCallion's rates are supported by his invoice and CV. Reply 18. Mr. McCallion has been practicing law in California since 1979. Fee App., Ex. 47. He has been president of his local bar association and graduated from the Trial Lawyers College. Id. Mr. McCallion is not admitted to practice before the U.S. Court of Federal Claims. He does not have any Vaccine Act experience. The undersigned awarded Dale K. Galipo, a Los Angeles area attorney with over twenty years of legal experience but no Vaccine Program experience, District of Columbia forum rates of $316.00 per hour for work completed in 2007 and $327.00 per hour for work completed in 2008. Carcamo, 2011 WL 2413345, at *5. The undersigned finds petitioner's request for $400.00 per hour for Mr. McCallion's work unreasonable. Based on Mr. McCallion's experience, the undersigned finds that he, like Mr. Galipo, should be awarded hourly rates of $316.00 for work completed in 2007 and $327.00 for work completed in 2008. Mr. McCallion billed for 5.5 hours of work in 2007 and 2.25 hours of work in 2008. He also billed for four hours of paralegal work at a reasonable rate of $100.00 per hour in 2008. Fee App., Ex. 46. The undersigned awards petitioner **$2,873.75** in attorneys' fees for Mr. McCallion.

Respondent's counsel does not object to the guardianship costs charged by attorney Shawn Patterson. Supp. Opp'n 1-2. Based on the undersigned's experience, the undersigned finds $3,686.00 to be a reasonable amount for establishing guardianship. See Torres v. Sec'y of HHS, No. 09-867V, 2013 WL 2256136, at *1 (Fed. Cl. Spec. Mstr. April 30, 2013) (awarding $4,379.40 for reimbursement of costs to establish guardianship); Parmley v. Sec'y of HHS, No. 09-698V, 2013 WL 1459709 (Fed. Cl. Spec. Mstr. Mar. 18, 2013) (awarding $5,853.50 for reimbursement of costs to establish guardianship); Myers v. Sec'y of HHS, No. 11-434V, 2012 WL 6176474 (Fed. Cl. Spec. Mstr. Nov. 13, 2012) (awarding $4,259.25 for reimbursement of costs to establish guardianship); Kenney v. Sec'y of HHS, No. 09-738V, 2012 WL 6013214 (Fed. Cl. Spec. Mstr.

12

Oct. 24, 2012) (awarding $6,214.00 for reimbursement of costs to establish guardianship); Ramsey v. Sec'y of HHS, No. 09-896V, 2012 WL 5205835 (Fed. Cl. Spec. Mstr. Sep. 24, 2012) (awarding $4,528.00 for reimbursement of costs to establish guardianship); Dow v. Sec'y of HHS, No. 09-801V, 2012 WL 2914818 (Fed. Cl. Spec. Mstr. June 26, 2012) (awarding $2,557.68 for reimbursement of costs to establish guardianship); Amar v. Sec'y of HHS, No. 06-221V, 2011 WL 6077558, at *24 (Fed. Cl. Spec. Mstr. Nov. 10, 2011) (awarding $3,520.50 for reimbursement of costs to establish guardianship); Doe 21 v. Sec'y of HHS, No. 02-411V, 2011 WL 6941671, at *10 (Fed. Cl. Spec. Mstr. Oct. 26, 2011) (awarding $3,590.00 for reimbursement of costs to establish guardianship); Finet v. Sec'y of HHS, No. 03-348V, 2011 WL 597792, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2011) (awarding $7,440.00 for reimbursement of costs to establish guardianship); Gruber v. Sec'y of HHS, No. 00-749V, 2009 WL 2135739, at *11 (Fed. Cl. Spec. Mstr. June 24, 2009) (awarding $4,027.00 for reimbursement of costs to establish guardianship). The undersigned awards petitioner **$3,686.00** in attorneys' fees and costs for Mr. Patterson.

### 2. Additional Costs

Petitioner requests reimbursement for $2,550.00 paid to expert Dr. Leonard R. Worden and $5,902.73 paid to life care planner Roberta Hurley. Supp. Fee App. 2. Respondent did not raise objections to these costs. The undersigned finds the costs for Dr. Worden and Ms. Hurley to be reasonable.

### 3. Petitioner's Costs

Petitioner requests reimbursement for her own unreimbursed costs in the amount of $2,200.00. Id. Respondent has no objection to any of petitioner's unreimbursed costs. Opp'n 2; Supp. Opp'n 1. The undersigned finds petitioner's $2,200.00 in unreimbursed costs to be reasonable.

### 4. Petitioner's Counsel's Out-of-Pocket Costs

Petitioner requests reimbursement for $644.87 in out-of-pocket costs incurred by petitioner's counsel. Supp. Fee App. 2; see Fee App., Ex. 41 (listing petitioner's counsel's costs in this case). Respondent did not raise objections to any of petitioner's counsel's unreimbursed costs. The undersigned finds petitioner's counsel's $644.87 in costs to be reasonable.

## III. Conclusion

In sum, the following tables contain the amounts of attorneys' fees and costs and petitioner's costs that the undersigned awards petitioner:

| Table A: Attorneys' Fees and Costs | |
|---|---|
| Attorneys' Fees Requested | $63,945.38 |

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$49,402.25** |
| | |
| **Attorneys' Out-of-Pocket Costs Awarded** | **$644.87** |
| **Additional Costs** | |
| Fees Requested for Attorney Patrick Ballard | $3,165.00 |
| **Fees Awarded for Attorney Patrick Ballard** | **$2,215.50** |
| Fees Requested for Attorney James McCallion | $3,500.00 |
| **Fees Awarded for Attorney James McCallion** | **$2,873.75** |
| **Fees & Costs Awarded for Attorney Shawn Patterson** | **$3,686.00** |
| **Amount Awarded for Dr. Leonard Worden** | **$2,550.00** |
| **Amount Awarded for Life Care Planner Roberta Hurley** | **$5,902.73** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$67,275.10** |

| Table B: Petitioner's Costs | |
|---|---|
| **Petitioner's Costs Awarded** | **$2,200.00** |

The undersigned finds the amounts to be reasonable and awards petitioner the following for attorneys' fees and costs:

a. **$67,275.10**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Whitfield, Sharp & Sharp, in the amount of **$67,275.10**; and

b. **$2,200.00**, representing reimbursement for petitioner's costs. The award shall be in the form of a check for **$2,200.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[14]

**IT IS SO ORDERED.**

Dated: <u>August 22, 2013</u>                                                    <u>s/ Laura D. Millman</u>
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.